```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X
LUIS A. AMAYA on behalf of himself and all
others similarly situated,

                                Plaintiff,                      MEMORANDUM
                                                                AND ORDER
                - against -
                                                                CV 11-5453 (LDW) (AKT)
ROADHOUSE BRICK OVEN PIZZA, INC.,
d/b/a ROADHOUSE BRICK OVEN PIZZA,
 and CHARLES HERMAN, an individual,

                                Defendants.
----------------------------------------------------------X
```

**A. KATHLEEN TOMLINSON, Magistrate Judge:**

In this case brought pursuant to the Fair Labor Standards Act ("FLSA") and the New York Labor Law ("NYLL"), Plaintiff Luis A. Amaya ("Amaya") moves to amend the Summons and Complaint to add an additional entity, Canoe the River, Inc. ("Canoe") as a Defendant [DE 18]. For the reasons that follow, the motion is GRANTED.

**I.  BACKGROUND**

In the original Complaint, Plaintiff alleges that Defendants Roadhouse Brick Oven Pizza, Inc. ("Roadhouse") and Charles Herman ("Herman") were and are employers within the meaning of the FLSA and the NYLL. Compl. [DE 1] ¶¶ 13, 26. Herman is allegedly, among other titles, the owner/operator and president of Roadhouse. *Id*. ¶¶ 14-21. Plaintiff further asserts that he worked as a kitchen laborer for Defendants for more than seventy (70) hours per week from 2000 through January 2010, *id*. ¶ 35, that Defendants failed to pay him overtime, *id*. ¶ 36, and that Defendants did not provide him with required break periods, *see id.* ¶ 41. The case was brought

as a collective action. However, Plaintiff has not moved for certification of the case as a collective action.

In Defendants' Amended Response to Plaintiff's First Set of Interrogatories, Defendants stated the following regarding Canoe:

> **Interrogatory No. 9:** Set forth the following information relating to the entity Canoe the River, Inc.: the name and last known address of any shareholder(s), the type of business it conducted, and whether it employed plaintiff.
>
> **Answer No. 9:** . . . Subject to and without waiving such objections, Defendants respond as follows: Janet Greco, Vice President, Charles Herman, President; the corporation operated in the food service industry and employed Plaintiff. Each shareholder can be reached c/o Zabell & Associates, P.C.

*See* Declaration of Ilan Weiser in Support of Plaintiff's Motion to Amend Summons and Complaint [DE 19] ("Weiser Decl."), Ex. 3 at 7. After receiving these Amended Responses on June 29, 2012, Plaintiff sought consent from Defendants' counsel's to amend the Complaint to add Canoe as a party. Pl's. Mem. at 4. Defendants' counsel declined. *Id*. Thereafter, on July 3, 2012, the deadline set forth in the Case Management and Scheduling Order for amendment of pleadings, Plaintiff filed a letter motion to amend the Complaint to add Canoe as a party. DE 16. The letter motion was denied, without prejudice, because the Court requires motions to amend to be filed as formal motions pursuant to the Federal Rules of Civil Procedure. *See* Electronic Order dated July 5, 2012. Plaintiff was, however, granted permission "to file the appropriate motion under the Federal Rules provided that the motion is served and filed by July 13, 2012." *Id*. The instant motion was filed on July 13, 2012.

The exact nature of the relationship between Canoe and Roadhouse is unclear at this juncture. Nevertheless, Plaintiff claims that Canoe and Roadhouse share the exact same office location and are both owned by Defendant Herman. Weiser Decl. ¶¶ 8-9.

## II. LEGAL STANDARD

Rule 15(a) of the Federal Rules of Civil Procedure provides that in cases where a party cannot amend as a matter of course, "a party may amend its pleading only with the opposing party's written consent or the court's leave." *Accord Lucente v. Int'l Bus. Machs. Corp.*, 310 F.3d 243, 258 (2d Cir. 2002); *Branum v. Clark*, 927 F.2d 698, 705 (2d Cir. 1991). A court "should freely give leave when justice so requires" and such leave is in the court's discretion. *See* Fed. R. Civ. P. 15(a); *Grace v. Rosenstock*, 228 F.3d 40, 56 (2d Cir. 2000).

Notwithstanding the foregoing principle, leave to amend may be denied where there is "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of the amendment, etc." *Williams v. Citigroup Inc.*, 659 F.3d 208, 213-14 (2d Cir. 2011) (quoting *Foman v. Davis*, 371 U.S. 178, 182, 83 S. Ct. 227 (1962)); *SCS Commc'n, Inc. v. Herrick Co.*, 360 F.3d 329, 345 (2d Cir. 2004) ("[U]nder Rule 15(a), leave to amend a pleading may *only* be given when factors such as undue delay or undue prejudice to the opposing party are absent.") (emphasis in original). "The party opposing the motion for leave to amend has the burden of establishing that an amendment would be prejudicial." *Fariello v. Campbell*, 860 F. Supp. 54, 70 (E.D.N.Y. 1994); *see also European Cmty. v. RJR Nabisco, Inc.*, 150 F. Supp. 2d 456, 502-03 (E.D.N.Y. 2001); *Saxholm AS v. Dynal, Inc.*, 938 F. Supp. 120, 123 (E.D.N.Y. 1996). The opposing party likewise bears the burden of

establishing that an amendment would be futile. *See Blaskiewicz v. County of Suffolk*, 29 F. Supp. 2d 134, 137-38 (E.D.N.Y. 1998) (citing *Harrison v. NBD Inc.*, 990 F. Supp. 179, 185 (E.D.N.Y. 1998)).

Although not raised in the parties' papers, a motion to amend which seeks to add new parties also implicates Federal Rule of Civil Procedure 21 which provides that "[o]n motion or on its own, the court may at any time, on just terms, add or drop a party." *See Garcia v. Pancho Villa's of Huntington Vill., Inc.*, 268 F.R.D. 160, 165 (E.D.N.Y. 2010). There is, however, little practical difference between Rule 15 and Rule 21 since they both leave the decision whether to permit or deny an amendment to the district court's discretion. *Id.*; *Franco v. Ideal Mortg. Bankers, Ltd.*, No. 07-CV-3956, 2009 WL 3150320, at *3 n.3 (E.D.N.Y. Sept. 28, 2009) (citing *Savine Rivas v. Farina*, No. 07-CV-3956, 1992 WL 193668, at *1 (E.D.N.Y. Aug. 4, 1992)).

### III. DISCUSSION

Defendants argue that Plaintiff's motion should be denied because: (1) the motion is untimely; (2) the motion is prejudicial; and (3) the proposed amendment is futile. The Court will address each argument in turn.

As to timeliness, Defendants argue that there have been "ongoing discussions regarding Plaintiff's error in pleading" since the action was commenced on November 8, 2011 and, as a result, Plaintiff should have sought leave to amend prior to July 2012. Defs.' Mem. at 3-4. Defendants further contend that Plaintiff knew about the existence of Canoe prior to Defendants' service of their Amended Response to Plaintiff's First Set of Interrogatories in June 2012 and, as proof of this fact, point to Plaintiff's reference to Canoe in his discovery demand served the previous month. *Id.* at 4. On this point, Plaintiff states that while he was aware of the existence

of Canoe prior to the service of Defendants' Amended Response to Plaintiff's First Set of Interrogatories, he sought to confirm that Canoe was the entity which employed Plaintiff prior to seeking leave to amend. Pl's. Reply Mem. at 2. Plaintiff also argues that Defendants' initial refusal to answer an interrogatory asking whether Canoe was Plaintiff's employer contributed to the delay. *Id*.

Plaintiff's motion is timely. Although the initial filing was procedurally defective, Plaintiff sought leave to amend by the July 3, 2012 deadline for joinder of additional parties set forth in the Case Management and Scheduling Order. *See* DE 15, DE 16. Thereafter, Plaintiff filed a formal motion to amend by the Court-extended deadline of July 13, 2012. *See* Electronic Order dated July 5, 2012; DE 18. Plaintiff did not receive confirmation that Canoe was Plaintiff's employer until the service of Defendants' Amended Response to Plaintiff's First Set of Interrogatories on June 29, 2012. Pl's. Mem. at 4.[1] Although Plaintiff was apparently aware of the existence of Canoe prior to the receipt of Defendants' Interrogatory Responses, there is nothing in the record which suggests that Plaintiff knew definitively that Canoe was the entity which employed Plaintiff. Seeking confirmation of this fact through an interrogatory response prior to bringing a party into a lawsuit is not construed as a dilatory tactic by this Court. *See*

---

[1] Defendants state that their Amended Response to Plaintiff's First Set of Interrogatories was issued on June 11, 2012. Defs.' Mem. at 5. The Amended Response, however, was signed by counsel for Defendants on June 29, 2012. *See* Weiser Decl., Ex. 3. Even if the Amended Response was served on June 11, 2012, the Court would not consider waiting until July 3, 2012 to seek leave to constitute undue delay. As an aside, the Court notes that although the parties represented in their status report to the court submitted August 16, 2012 that "both defendants' and plaintiff's interrogatory responses have been certified by the clients as to their accuracy and completeness," DE 23, Defendants' Amended Response is not signed by the Defendants.

5

*Franco*, 2009 WL 3150320, at *3 (granting leave to amend to add new defendants in FLSA case where plaintiff learned of the existence of additional employers in discovery).

Regarding the claim of prejudice, Defendants maintain that the proposed amendment will necessitate further discovery. Defs.' Mem. at 5. "[T]he adverse party's burden of undertaking discovery, standing alone, does not suffice to warrant denial of a motion to amend a pleading." *Bernhard v. Central Parking Sys. of New York, Inc.*, 282 F.R.D. 284, 291 (E.D.N.Y. 2012) (quoting *United States v. Continental Ill. Nat'l Bank & Trust of Chicago*, 889 F.2d 1248, 1255 (2d Cir. 1989)). In *Garcia v. Pancho Villa's of Huntington Village, Inc.*, the Court granted the plaintiffs leave to amend notwithstanding the fact that the addition of new defendants would require the re-deposition of the three plaintiffs and that the costs of the new discovery would ruin the defendants financially. 268 F.R.D. at 166. Here, there is no claim of financial calamity or other exigent circumstances. Moreover, the deadline for the completion of discovery is November 27, 2012. While Defendants argue that the addition of Canoe "will necessitate further discovery," Defs.' Mem. at 5, Defendants fail to specify what that discovery is or why it cannot be completed by the existing deadline.

Defendants' final argument is that the proposed amendment is futile. Without citing a single case, Defendants make the following argument regarding futility:

> On one hand, Plaintiff relies on the precept that a worker may be employed by more than one entity for purposes of the FLSA or NYSLL, on the other hand, Plaintiff admits that Defendant Charles Herman sold the business known as "Roadhouse Brick Oven Pizza" to a third party on or about January 25, 2010. However, the fact that Roadhouse was sold does not bear upon the identity of Plaintiff's former employer. It is clear from the facts adduced herein that (1) Plaintiff had one employer, (2) Plaintiff sued the wrong entity, and that (3) Plaintiff failed to correct the error.

6

Defs.' Mem. at 6. It is unclear exactly what Defendants are arguing here. Plaintiff's claims are asserted for the period running from 2000 through January 2010 – thus, the sale of Roadhouse on January 25, 2010 is largely irrelevant. To the extent that Defendants argue that Canoe is not Plaintiff's employer, this is a factual dispute that the Court will not resolve on a motion to amend.

For the foregoing reasons, Plaintiff's motion to amend the Complaint is GRANTED. The Amended Complaint must be filed on ECF and served on Canoe within 14 days. The Court further finds that "amending" the summons is not the appropriate step procedurally here. *See Osrecovery, Inc. v. One Group Int'l, Inc.*, 234 F.R.D. 59 (S.D.N.Y. 2005) (noting that Fed. R. Civ. P. 4(a) permits amendments of the summons to address minor or technical issues such as misspelling a defendant's name). Instead, at the time the Plaintiff files the Amended Complaint, counsel should also request a new summons for Canoe from the Clerk's Office.

The parties are directed to proceed to Courtroom 910 for a brief conference with this Court after their conference before Judge Wexler on October 23, 2012.

Finally, Defendants' requests to recover costs and expenses incurred to date in discovery and for an award of costs and legal fees incurred in connection with opposing this motion are denied.

**SO ORDERED.**

Dated: Central Islip, New York
October 18, 2012

/s/ A. Kathleen Tomlinson
A. KATHLEEN TOMLINSON
U.S. Magistrate Judge